UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORRIE WATT,<br><br>          Plaintiff,<br><br>     v.<br><br>HAL ANTILLEN N.V., *et al.*,<br><br>          Defendants. | CASE NO. 2:24-cv-00155-RSL<br><br>ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND |

This matter comes before the Court on the "Holland America Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint" (Dkt. # 22 [1]) and "Defendant, OSW's, Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint" (Dkt. # 24). Plaintiff alleges that she was a passenger on the cruise ship MS. NIEUW AMSTERDAM on February 23, 2023, when she was sexually assaulted by Gede Sukrantara, a member of the crew. The assault took place in the navigable waters of the United States during a massage at the ship's Greenhouse Spa & Salon. Plaintiff emailed an unidentified Holland America entity when she returned home from the cruise and advised it of the assault. A week later, she

---

[1] Only two of the four Holland America defendants, namely HAL Antillen N.V. and Holland America Line N.V., have sought dismissal.

ORDER GRANTING MOTIONS TO DISMISS WITH
LEAVE TO AMEND - 1

received a boilerplate communication stating "sorry to learn that you were disappointed on your experience aboard" but we "hope that despite the issues you encountered we'll have an opportunity to welcome you back on board." Plaintiff alleges that Holland America failed to report the sexual assault to the F.B.I. as it was required to do. Based on these allegations, plaintiff asserts claims of negligence and strict liability. The moving defendants seek dismissal of all claims against them because the complaint is an impermissible shotgun pleading. They also seek dismissal of the negligence claim because if fails to state a claim upon which relief can be granted.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the complaint and the memoranda submitted by the parties, the Court finds as follows:

### 1. Shotgun pleading

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Pleadings that seek to overwhelm defendants with an unclear mass of allegations and make it difficult to impossible for the defendants to make informed responses to the plaintiff's allegations are considered 'shotgun' pleadings." *A.B. v. Hilton Worldwide Holdings Inc.*,

484 F. Supp. 3d 921, 943 (D. Or. 2020). Another type of shotgun pleading groups multiple defendants together and fails to set out which of the defendants is accused of which conduct. A complaint that alleges "everyone did everything" and prevents defendants from understanding the nature of the claims asserted against each of them cannot survive a motion to dismiss. *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). *See Martin v. Washington State Dep't of Corr.*, No. C20-0311-JCC-MAT, 2021 WL 511205, at *2 (W.D. Wash. Feb. 11, 2021). Finally, a complaint may be an impermissible shotgun pleading if it recites a collection of general factual allegations at the outset but fails to connect those facts to the elements comprising plaintiff's causes of action, instead simply incorporating every antecedent allegation by reference. If such incorporation denies defendants adequate notice of the allegations supporting each cause of action, it is impermissible. *See Lackey v. Ray Klein, Inc.*, No. C19-590-RSM, 2019 WL 3716454, at *5 (W.D. Wash. Aug. 7, 2019); *Hoffman v. Transworld Sys. Incorporated*, No. C18-1132-JCC, 2018 WL 5734641 at *4 (W.D. Wash. Nov. 2, 2018); *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010).

The moving defendants argue that plaintiff's complaint is an impermissible shotgun pleading for all three reasons. The presentation of three pages worth of facts is not overwhelming, nor does their incorporation into the two causes of action hide the nature of or basis for the claims asserted. Defendants are correct, however, that the repeated use of the undifferentiated word "defendants" or phrase "Holland America" is confusing in light of the allegations and claims. Although plaintiff has sued four separate Holland America

ORDER GRANTING MOTIONS TO DISMISS WITH
LEAVE TO AMEND - 4

entities, she describes only three of them, namely Holland America Line N.V., Holland America Line, Inc., and Holland America Line-USA, Inc.. Plaintiff alleges that all three of these entities (a) operated the vessel on which she was assaulted, (b) employed Ms. Sukrantara, and (c) had responsibility for hiring, training, and supervising Ms. Sukrantara. Dkt. # 1 at ¶¶ 1.2-1.4. No mention is made of defendant HAL Antillen N.V. LLC, and the only information provided about defendant OneSpa World (Bahamas) Ltd. is that it is incorporated in both the Bahamas and Florida. In this context, use of the term "defendants" to identify the entities that conduct substantial business in the State of Washington (Dkt. # 1 at ¶ 2.22) and/or breached a duty owed to plaintiff (Dkt. # 1 at ¶ 4.2) would force defendants to guess what each of them is supposed to have done. Similarly, the use of the phrase "Holland America" to identify the recipient of plaintiff's email (Dkt. # 1 at ¶ 3.14) and the entity that employed Ms. Sukrantara (Dkt. # 1 at ¶ 3.17) deprives the four Holland America defendants and OneSpa World of adequate notice of the allegations against each of them and is therefore impermissible.

**2. Negligence Claim**

The elements of a negligence claim under maritime law are duty, breach, causation, and damages. *See W. Towboat Co. v. Vigor Marine LLC*, 544 F. Supp. 3d 1100, 1125 (W.D. Wash. 2021). In determining whether the owner of a cruise ship owes a duty of care, if the condition at issue is not unique to the maritime context, "a carrier must have actual or constructive notice of the risk-creating condition before it can be held liable." *Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011) (internal

quotation marks and citations omitted). Plaintiff's complaint does not plausibly allege notice, either actual or constructive. In fact, the allegations suggest that one or more of the Holland America entities first learned that Ms. Sukrantara posed a danger two weeks after the assault occurred. That one or more of the Holland America entities responded with a form letter and failed to contact the F.B.I. may, as plaintiff argues, show "an appalling indifference to [the] occurrence and seriousness" of the assault, but it does not raise a plausible inference of prior notice. Dkt. # 34 at 8. At this stage of the litigation, plaintiff has the burden of alleging facts from which the Court can plausibly infer an entitlement to relief: in the absence of an allegation of actual or constructive notice of the risk Ms. Sukrantara posed, the complaint is insufficient.

For all of the foregoing reasons, the motions to dismiss filed by HAL Antillen N.V., Holland America Line N.V., and OneSpa World are GRANTED. The claims asserted against those three entities are hereby DISMISSED. Plaintiff shall have twenty-one days from the date of this Order to file an amended complaint that remedies the deficiencies identified herein.

Dated this 7th day of October, 2024.

                                              Robert S. Lasnik
                                              United States District Judge